Tilghman, C. J.
The appellee, Christiana Robbarts, exhibited a petition on the 5th November, 1819, .to the Court of Com- *192 roon Pleas for the county of Philadelphia, praying for a divorce from bed and board, and alimony. The court made a decree in her favour, from which her'husband, John Robbarts, appealed. A motion has been made, to dismiss the appeal, and the question is, whether an appeal lies in this case.
On the 13th March, 1815, an act was passed, “ concerning divorces,” which was intended as a complete system, and repealed the former acts on the same subject. By the first section it was enacted, that “where any husband shall have, by cruel and barbarous treatment, endangered his. wife’s life, or offered such indignities fo her person, as to render her condition intolerable, and life burthensome, and thereby force her to withdraw from his house and family, it shall be lawful for the innocent and injured person, to obtain a divorce from the bond of marriage.” By the twelfth section, the court was authorized to award costs, to be paid by the party against whom the decree is made, or that each party shall pay his or her own costs, at their discretion. The thirteenth section gives an appeal to the Supreme Court, in all suits or actions to be 'brought under that act. It was soon discovered, that this law was defective, inasmuch as it contained no provision for divorces from bed and board, or alimony. To remedy this omission, an act was passed on the 26th February, 1817, entitled, a supplement to “an act concerning divorces.” By this supplement, in case of such ill treatment as is mentioned in the first section of the act of 1815, the Court of Common Pleas was authorized to grant the wife a divorce from bed and board,., and also to allow her alimony, to continue until a reconciliation should take place, or until the husband should by his petition, or libel, offer to receive and cohabit with his wife again, and in such case, the court might suspend their sentence, or in case of her refusal to return to her husband, discharge and annul the same, according to .their discretion. _ But there is no mention of an appeal to the Supreme Court, and, therefore, it is contended, that no appeal lies.
It is very true, that all these proceedings being contrary to the course of the common law, they must be prosecuted in the manner prescribed by the acts of assembly, and unless an appeal is given by these acts, it does not lie. It is true also, that this case does not come within the letter of the act of 1815, because the suit was brought, not under' that act, but under the supplement. Never-thelessj it appears to the court, that the original act, and supplement, are so blended, as parts of one system, that the appeal lies in all suits prosecuted under the one or the other. So likewise may costs be given in all suits, though the supplement says nothing of costs. ' It was unnecessary for the. supplement to give either án appeal or costs, because it was engrafted on the original law which gave both. It was objected, that a decree of alimony could not be final, because the husband might avoid it, by offering to take his wife home, and treat her kindly: but we do not think so. *193 The decree is final and conclusive, though subject to be suspended, or annulled, in consequence of subsequent acts of the husband. If he never offers to take his wife home, the decree remains in full 'force, and nothing further is to be done by the court. There is no reason, therefore, why it should not be appealed from. And it may be of the utmost importance to the husband, to have an appeal. The deei’ee may be. ruinous to him, by burthening him beyond his abilities. It is the opinion of the court, that the appeal lies, and therefore the motion to dismiss it is rejected.
Motion rejected.